(February 24, 1890.)

## FURY, SHERIFF, v. WHITE ET AL.

[23 Pac. 535.]

SHERIFF.—Where a sheriff levies on personal property under attachment, and while holding under such levy received a second attachment and levies on the same property under the second attachment, and afterward, but before sale on either, a third person claiming the property, the second attaching creditor indemnifies the sheriff against loss under the second attachment, and the sheriff sells under execution in the first attachment suit and pays all proceeds to the first attaching creditor, the claimant of the property having recovered of the sheriff the value of the property sold, held, (1) that the sheriff cannot recover on the indemnifying bond of the second attaching creditor; (2) the complaint not claiming nor the proof showing that after the levy the sheriff did any act under the second attachment, the attaching creditor is not liable; (3) in such case when the plaintiff has rested it is not error for the court to instruct the jury to find for the defendant; (4) in such case, also, the effect of an indemnifying bond must be determined by its own conditions.
(Syllabus by the court.)

APPEAL from District Court, Alturas County.

Angel & Sullivan, for Appellant.

The sheriff's right to recover on the attachment bond does not in any manner depend upon the question whether the giver of the bond was benefited or not by the seizure and sale,

nor upon the fact whether he received any part of the money for which the property was sold. (*Weber v. Ferris,* 37 How. Pr. 102; *Herring v. Hoppock,* 15 N. Y. 409; *Davidson v. Dallas,* 15 Cal. 75.) The several indemnity bonds were independent securities for the same object, and a sheriff who holds several indemnity bonds for the same object may resort to either at his option. (Brandt on Guaranty and Suretyship, sec. 195; *Muller v. Downs,* 94 U. S. 444.)

Kingsbury & McGowan, for Respondents.

If the evidence is not set out, instructions will be presumed correct if possibly so under any conceivable state of facts. (*People v. Bourke,* 66 Cal. 455, 6 Pac. 89; *People v. Johnson,* 61 Cal. 142; *People v. Smith,* 57 Cal. 130; *People v. Dick,* 34 Cal. 663; *People v. Levison,* 16 Cal. 98, 76 Am. Dec. 505; *People v. King,* 27 Cal. 507, 87 Am. Dec. 95.) All presumptions are in favor of the regularity of the action of the court below. Error will never be presumed, but must affirmatively appear in the record. (*Gonzales v. Huntley,* 1 Cal. 32; *Lowe v. Turner,* 1 Idaho, 108; *Goodman v. Mining etc. Co.,* 1 Idaho, 131; *Folsom v. Root,* 1 Cal. 374; *Hazard v. Cole,* 1 Idaho, 276-282; *People v. Baker,* 1 Cal. 404-406.) .

BERRY, J.—Previous to June 21, 1883, the plaintiff, as sheriff of Alturas county, holding two writs of attachment from the probate court of that county—one in favor of Donaldson and Young, and another in favor of Bartch and Mills—both issued against one Bolton, levied upon and took into his possession certain personal property as the property of Bolton. After such levy, and while such property was in his possession, the defendant White, on the twenty-first day of June, placed in the hands of the sheriff a third writ of attachment in his favor, against said Bolton. The answer of White alleges that the sheriff, having such property in his possession, attached to this said writ a schedule of such property, and indorsed thereon that he had levied on the property under said attachment. Aside from this admission by White, there is no evidence of such levy under White's attachment.

It appears that afterward, the property being claimed by one Braden, an assignee for the creditors of Bolton, a bond of indemnity, dated June 22, 1883, was given to the sheriff by the defendant White as principal, with the defendants Riley and Fox as sureties. That bond is the subject of the action at bar. Its conditions are "that if the obligors shall well and truly indemnify and save harmless the said Fury, sheriff," etc., "of and from all damages, expenses, costs and charges, and against all loss and liabilities, which he, the said Fury, as sheriff," etc., "shall sustain, or in any wise be put to, by reason of attachment, seizing, levying, taking or detention by the said sheriff, in his custody, under said attachment [the attachment of White against Bolton] of said property claimed [by said Braden] as aforesaid, then the above obligation to be void."

The case is presented on bill of exceptions; the only exception being to the charge or direction of the court to the jury to find a verdict for the defendant. The appellant, in his brief, states "that on the sixth day of December, 1887, this cause came on for trial before a jury, and the evidence showed that the property described in said indemnity bond had been levied upon under prior attachments which had been served by the plaintiff as sheriff, and was sold under said prior attachments, and not under the attachment in the case in which said indemnifying bond was given, and the appellant admitted that the defendant, E. A. White, received no part of the money for which said property was sold; that thereupon the defendants moved the court to peremptorily instruct the jury to bring in a verdict for the defendants, which motion was sustained by the court, and the jury was thereupon instructed to, and did, bring in a verdict for the defendants." To this ruling and instruction the plaintiff excepted.

The arguments upon the hearing in this court have been mainly based on the decision in *Davidson v. Dallas,* 8 Cal. 227, holding that where property is seized under two attachments, and the property is claimed by a third person, and both attaching creditors indemnify the sheriff, who goes on and sells it and pays the proceeds to the first attaching creditor, the amount not equaling his judgment, and afterward the party claiming the property recovers judgment against the sheriff

for the value of the property, the recourse of the sheriff is only against the first attaching creditor, for whose benefit the property was sold; and the same case, 15 Cal. 75, in which, while the former decision is affirmed for that case, its doctrine is commented upon and doubted. But we do not find it necessary, in this case, to enter into that question. The case at bar is widely different from that, and the action of the court below may well have been based on other grounds than upon the doctrine of that case. A review of this case makes the distinction apparent.

The issue in the court below was as follows: In the probate court the complaint, in substance, sets up: 1. The official character of the plaintiff. 2. Alleges the making of the bond, setting it out in full. 3. "That defendants have failed, neglected and refused, and still fail," etc., "to comply with the conditions of said bond, and to save harmless this plaintiff, to wit, that on," etc., "said Braden [the assignee of said Bolton], mentioned in said bond, assigned to T. E. Picotte all his rights in and to said personal property, . . . . and all claims for damages for taking and seizing said property by the plaintiff that had accrued to said Braden, . . . . and that said Picotte was entitled to said personal property, and to all damages accruing to said Braden for taking and detention thereof by the plaintiff; that said Picotte, as successor in interest as aforesaid, and as assignee for the benefit of creditors of the said Bolton, on the twenty-fourth day of March, 1884, commenced an action in the district court of said Alturas county, against the plaintiff, to recover the sum of $2,500, claimed as damages for the taking and detention of said personal property under and by virtue of said writ of attachment." 4. That said Picotte, as such assignee and successor of Braden, recovered judgment against the defendant for damages and costs, $1,580. 5. That the plaintiff has paid the judgment, and in addition the sum of $212 in defending the suit. 6. That the plaintiff has demanded of these defendants payment of the penal sum of the bond, which was refused—and closes with a demand for judgment.

The complaint is silent as to any act done, either by seizure, detention or sale of the property, in the suit of White against

Bolton, or under either of the senior attachments. The defendants answered, putting in issue each allegation of the complaint; and on this issue a trial was had in the probate court, and judgment had for the plaintiff. From that judgment an appeal was taken to the district court in Alturas county, and a retrial was had. Before trial in the district court the complaint was amended by adding thereto the following allegations, to wit: ."1. That the damages in said complaint alleged to have been sustained by the plaintiff were sustained by reason of the plaintiff's levying upon and holding the property described in exhibit 'A,' which was the bond in suit; 2. That the judgment in the district court, referred to in the complaint, by T. E. Picotte, as assignee of C. E. Bolton, was recovered against this plaintiff by reason of his having levied upon and detained the property described in said exhibit 'A.'" The levying and detention is not alleged to have been under White's attachment. No sale of the property is alluded to, nor do the defendants appear to have had notice, or to have taken any part in the action by Picotte against this plaintiff. For all that appears, previous to the trial in the district court, the property was still held, as at first taken, by the sheriff, under process "of prior attaching creditors." It is not alleged, nor does it anywhere appear, that there was any privity between those "prior attaching creditors" and the defendant White. The answer puts all the allegations of the amended complaint in issue, and upon these issues the case was tried in the district court, and judgment was rendered for the defendants.

We may here inquire: 1. What were the contract obligations of the defendants to the plaintiff? 2. Was that contract broken by the defendants? And in what manner was it broken? And 3. In what, if anything, was the error of the court in its charge to the jury?

And first: What were the obligations of the defendants? This bond was not strictly statutory, hence its effect is not the subject of statutory construction. It was voluntary, and its effect must be gathered from its own conditions. The statute in view of which a bond might be given, and by reason of which, presumably, this was given, is section 240 of the Revised Laws (8th Sess.) of Idaho, which provides: "If the property

levied on be claimed by a third person as his property, the
sheriff shall summon from his county six persons qualified as
jurors between the parties, to try the validity of the claim. He
shall also give notice of the claim and of the time of trial to the
plaintiff, who may appear and contest the claim before the
jury. . . . . If their verdict be in favor of the claimant, the
sheriff shall relinquish the levy, unless the judgment creditor
give him a sufficient indemnity for proceeding thereon." This
is, of course, after judgment has been rendered for the credi-
tor, and execution is issued. But when attached, and before
judgment, section 131 provides that "if any personal property
attached be claimed by a third person as his property, the
sheriff may summon a jury of six men to try the validity of
such claim; and such proceedings shall be had thereon, with
the like effect, as in case of claim after levy upon execu-
tion." As to the validity of these provisions as a means of
determining the ownership of property levied upon, or how far
such proceedings will protect the sheriff, is a question not here
in issue; and we do not intend to intimate any opinion upon it.
Yet the statutory preliminary conditions for calling a sheriff's
jury seem to have arisen by claim of Braden to the property as
assignee of Bolton. But if, under any of the attachments,
such conditions existed, it was optional with the sheriff to call
or not to call a jury. Had they existed under White's attach-
ment, they must have existed as well under the senior attach-
ments, and the sheriff must have released the liens of such
prior attachments, or taken indemnity under them. If he did
not dismiss or take indemnity, it was his own fault. In no
event, however, as the case stood, did the sheriff have right to
demand indemnity from the defendant White. But if he had
such right, and had done so, the statute prescribes no form for
the bond, and only, if it be under the statute, that it must be
"sufficient.' The question of sufficiency is left entirely be-
tween the creditor and the sheriff. If there were any doubt as
to the nature of the instrument in question, the brief of the
appellant settles it for this case. It says: "We maintain that
the liability of the defendants depends simply upon the terms
of their contract with the plaintiff." The bond was then
purely voluntary, and must be construed by its own conditions.

Those conditions are, simply, that the defendants shall save the sheriff harmless from loss or liability which he may incur "by reason of attaching, seizing, levying, taking or retention by said sheriff in his custody, under said attachment, of said property," or under the attachment in favor of White. The acts, then, for which the sheriff was indemnified, were only those done under and by virtue of White's attachment. The defendants, in terms, guaranteed against nothing that was not to be for White's benefit, or acts done by the sheriff on his account. If, then, the sheriff did no act under that attachment causing loss or damage to himself, the defendants incurred no liability.

It must be noticed that there is no allegation in the complaint, nor any evidence alleged as given on the trial, that White's attachment was the reason for anything which the sheriff did. The plaintiff's bill of exceptions avers that on the trial in the district court the evidence showed that the property involved had been levied upon under prior attachments which had been served by the plaintiff as sheriff, and was sold under said prior attachments, and not under White's attachment. The allegation in the answer of White "that plaintiff, as such sheriff, under said writ of attachment, did no act to or with any of said property, nor did the defendant White, or either of the defendants, receive any part of the proceeds of the property," seems to be fully sustained. The appellant contends that it could make no difference whether he did or did not receive benefit. We are not prepared to go so far as that. Were it shown that defendant White did receive benefit, that question might arise; but it does not arise as the case stands.

It is also to be noted that the claim of the plaintiff that he had suffered damage is controverted, and the bill of exceptions refers to no proof that he had sustained damage, or that the judgment alleged in the complaint in favor of Picotte, which is put in issue, was ever, in fact, rendered; nor was there any offer made by the plaintiff to show that fact, or to show any other fact which was not shown on the trial.

At what stage of the trial the request was made by the judge to instruct the jury to find a verdict for the defendants, does not affirmatively appear. Presumably, it was under section

4354, subdivision 5, and section 4385 of the Revised Statutes of Idaho, and when the plaintiff had rested his case, and on statutory motion for nonsuit. The presumption is that the proceedings in the court below were regular till the contrary appears. It was, presumably, a "special instruction," having the effect of a judgment of nonsuit; and given on the ground that "the plaintiff had failed to prove a sufficient case for the jury." It is not apparent to the court that there was any breach of covenant on the part of the defendants. As the case stood, when the court was requested to instruct the jury the judge was fully justified in giving the instructions demanded by the defendants; and the assignment of error on that account cannot be sustained. Judgment affirmed.

BEATTY, C. J.—I do not concur in any part of this opinion which may be construed as holding that a subsequent attaching creditor is not liable on his indemnity bond when he received none of the proceeds of sale of the attached property; but, for other reasons stated therein, I agree the judgment should be affirmed.

SWEET, J.—I concur in affirming the judgment of the court below. The failure of respondent to tender certain proofs renders it impossible for this court to consider or pass upon the legal questions involved at the trial in the lower court. My concurrence, therefore, is based upon the failure of the record to present the real issues involved; and beyond this I express no opinion.